NOVEMBER 13, 1802.

# James McDonald *v.* Alexander Parker, Surviving Partner.

*Upon a writ of error to reverse a decree of the Lexington District Court.*

Where exclusive credit is given to one of two partners, the creditor not intending to charge, or look to the other, and the proceeds of the goods for which the credit was given, were received by the other partner, not as' a partner, but in payment of a pre-existing debt—*Held:* That the other partner was not responsible to the creditor for the price of the goods.

The question is, whether a partnership existed, either general or special, public or secret ?

It is deemed unnecessary to state the testimony, as this court is of opinion that it does not sufficiently prove that the partnership existed; on the contrary, so far as a negative is capable of proof, it is proved that none did exist. It was contended on the part of the defendant, that the plaintiff had received the profits arising from the sale of the goods and merchandise for the price of which the bond had been given, and that by receiving the profits he was chargeable as a dormant partner. Admitting the rule to be correct, the proof does not authorize the application of it; it is proved that the plaintiff received the proceeds of the sales of these goods,

McDonald *v.* Parker.

but it also appears that they were received in discharge of a previous debt due from Samuel to James McDonald, for the purchase of other goods and merchandise, he therefore received them as a creditor and not as a partner. If the mere act of receiving these proceeds in payment of a debt was sufficient to charge James McDonald as a partner, any other creditor of Samuel McDonald who had received only part of them, might also with the same propriety be charged. It may also be observed, that the purchase of goods and merchandise, made by Samuel McDonald of the defendant, and for the amount of which he gave a promissory note, was in his individual capacity and not for a partnership concern. After the day of payment had elapsed, the defendant called on Samuel McDonald for security, and a bond is given by Samuel McDonald, still in his individual capacity, with John Livingston for security. The defendant does not suggest that at the time of the sale of these goods to Samuel McDonald, he was informed or believed that James McDonald was his partner, or that the goods were advanced on the credit of James McDonald. Although a partnership may exist, yet it must be admitted that any one of the partners may contract and bind himself in his individual capacity, and that the partnership can not be charged with it. In this case, Samuel McDonald binds himself individually, then gives security, and never signs his name for James McDonald & Co. or Samuel McDonald & Co. It is evident that the credit was given him individually, and not upon a presumption or a reliance that James McDonald was to be responsible. It is therefore adjudged and ordered, that the said decree be reversed with costs, and that the suit be remanded to the court from whence it came, with directions to dismiss the bill of the complainant in that court with costs, which is ordered to be certified to the said court.